**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ANTHONY SMITH,**

    **Plaintiff,**

vs.                                      Case No.: 1:23-cv-00240-AW-MAF

**MAYO CORR. INST.,
et al.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Anthony Smith, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case raising claims pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 2. After careful consideration, for the reasons stated below, the case should be dismissed for the following reasons: (1) the complaint is a shotgun pleading, (2) Plaintiff failed to disclose his litigation history, and (3) the complaint is barred by *res judicata*, the statute of limitations, and sovereign immunity.

I. **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

  Federal courts have the inherent authority to *sua sponte* dismiss cases

in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. <u>Id.</u>; <u>see</u> <u>also</u> <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. <u>See</u> <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse

Case No. 1:23-cv-00240-AW-MAF

## II.   Plaintiff's Complaint, ECF No. 1.

The complaint is on the wrong form. The correct form was amended in June 2022. Plaintiff sued Mayo Correctional Institution (C.I.), and Sergeant Howard, Sergeant McGraw, Sergeant Fike, Sergeant Thompson, and Captain Sievers, employees of Mayo C.I. ECF No. 1, pp. 2-3. Defendants are sued solely in their official capacities. Id. Plaintiff claims the events occurred on October 12, 2018 – more than four years before Plaintiff initiated this case. Id., p. 5.

Plaintiff alleges he was subject to cruel and unusual punishment and denied access to psychological emergency services. Id., p. 3. Prior to the alleged incident, Defendants physically and mentally abused him for months. Id., p. 4. On the date of the alleged incident, Defendants sprayed chemicals into Plaintiff's holding cell twice within a period of three hours. Id., p. 5. After Plaintiff returned to his cell, Defendants sent an assassin into Plaintiff's cell to kill him. Id. Plaintiff claims he attempted to remedy the dispute through grievance procedures, but his grievance was denied in its entirety. Id., pp. 6-7. Plaintiff admits he brought this claim in a prior suit involving the same

---

of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982). However, here, dismissal with prejudice is recommended because Plaintiff raised the exact excessive force claims against Defendants Howard, McGraw, Fike, Thomson, and Sievers in an earlier-filed case, N.D. Fla. Case No. 1:20-cv-00249-AW-GRJ, which was resolved on the merits.

Case No. 1:23-cv-00240-AW-MAF

parties but claims it was dismissed in June 2022. Id., p. 9. Plaintiff requests only punitive damages in an amount between $5,000,000 and $10,000,000. Id., p. 5.

### III.  Discussion

#### A. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). There are no numbered paragraphs in Plaintiff's statement of facts.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun

pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff does not attribute specific acts or omissions to each defendant. Plaintiff alleges that chemicals were sprayed into his holding cell on two separate occasions, but he does not attribute this action to any of the Defendants. Similarly, Plaintiff's claim that Defendants' cruel and unusual punishment caused him to suffer permanent physical and mental injuries is too vague for consideration. Legal conclusions are insufficient.

B. <u>Plaintiff's Affirmative Misrepresentations</u>

As previously stated, Plaintiff's complaint is on the wrong form. Plaintiff used the 2016 version of the form. The correct form was revised in June 2022. On the proper complaint form, "Section VIII PRIOR LITIGATION" warns:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

The 2016 form does not contain that specific warning. Nonetheless, Section VIII, Previous Lawsuits, Question A asks, "Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?" ECF No. 1, p. 9. Plaintiff responded "Yes," and listed N.D. Fla. Case No. 1:20-cv-249-AW-GRJ. <u>Id.</u> Question B asks for more details about the lawsuit.

Case No. 1:23-cv-00240-AW-MAF

Id. Specifically, Question B(7) asks, "What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)." Id. Plaintiff stated the case was dismissed. Id. He did not disclose his appeal of the case. See id. Plaintiff's previous suit concerning the same facts involved in this action was resolved on the merits at the summary judgment stage. Clerk's Judgment, Smith v. Howard, No. 1:20-cv-249-AW-GRJ (N.D. Fla. June 22, 2022), ECF No. 58. Plaintiff appealed the decision to the Eleventh Circuit in Case No. 22-14048. USCA Case Number at 1, Smith v. Howard, No. 1:20-cv-249-AW-GRJ (N.D. Fla. June 22, 2022), ECF No. 64. His appeal was dismissed for lack of jurisdiction as was his motion for reconsideration on May 3, 2023. USCA Order at 1, Smith v. Howard, No. 1:20-cv-249-AW-GRJ (N.D. Fla. June 22, 2022), ECF No. 69.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs

failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the court attempts to make an independent investigation into whether litigants truthfully completed this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history, including appeals, under the penalty of perjury. See Section "IX Certification and Closing" ECF No. 1, p. 11. If the court cannot rely on the statements or responses made by litigants, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed.

Here, Plaintiff knew that accurate disclosure of his litigation history was required; and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the

questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. The court should not allow Plaintiff's misrepresentations to go unpunished. In any event, even if Plaintiff was granted leave to amend his complaint, it would be futile to do so.

### C. Res Judicata

It is well settled that plaintiffs may not seek relief on an issue previously litigated and resolved on the merits. The Supreme Court of the United States has repeatedly held:

> Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

Allen v. McCurry, 449 U.S. 90, 94 (1980). *Res judicata* applies when: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). Plaintiff's claims are precluded based on this court's decision in Smith v. Howard (1:20-cv-00249-AW-GRJ). In the earlier case, Plaintiff sued Howard, McGraw, Fike,

Case No. 1:23-cv-00240-AW-MAF

Thompson, and Sievers[2] alleging that, after he declared a "psychological emergency," they used pepper-spray to forcibly remove him from his cell. The excessive force claims failed. According to the court's order granting summary judgment, "the video shows an application of force that no reasonable jury could find excessive – even if Smith suffered an injury greater than one might expect from the amount of force applied." N.D. Fla. Case No. 1:20-cv-00249-AW-GRJ, ECF No. 57, p. 3. Even accepting Plaintiff's account of his injuries as true, summary judgment, in Defendants' favor, was warranted. Id.  It is worth noting that within the order granting summary judgment, the Court specifically denied Plaintiff leave to amend his complaint for several reasons: it was an untimely request, Plaintiff sought to amend his pleading after summary judgment after the magistrate judge issued the report recommending summary judgement against Plaintiff. Plaintiff's "new allegations flatly contradicted his earlier sworn submissions . . . In light of these inconsistencies, Smith has not shown that the interests of justice favor starting all over again with a new complaint." Id., p. 7. Plaintiff may not start "all over again" with a new case either. He cannot relitigate the same excessive force claim against these defendants.

---

[2] In the earlier case, Plaintiff did not sue Mayo C.I. but included the Secretary of the Florida Department of Corrections in his initial complaint.

Case No. 1:23-cv-00240-AW-MAF

### D. Statute of Limitations

The alleged events occurred on October 12, 2018, more than four years before Plaintiff initiated this case. Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985. See City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"); Fla. Stat. § 95.11(3)(o). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)). This instant complaint was filed four years and eleven months after the alleged events took place; thus, the claims are barred by the statute of limitations.

### E. Official Capacity Claims

Plaintiff sued Defendants solely in their official capacities; these claims are barred by Eleventh Amendment immunity. Prison employees are considered employees of the State of Florida for the purposes of a Section 1983 action. Florida's sovereign immunity extends to its agencies,

subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Plaintiff is not seeking injunctive relief; he seeks only monetary damages for permanent mental and physical damages. ECF No. 1, p. 5. All official capacity claims should be dismissed. Ordinarily, the court would permit Plaintiff an opportunity to amend his complaint. However, given Plaintiff's affirmative misrepresentations and because it is otherwise futile to amend, the court should dismiss the case.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) because this case is barred by *res judicata*, the statute of limitations, and sovereign immunity. Additionally, Plaintiff made affirmative

misrepresentations relating to his litigation history and fails to state a claim upon which relief may be granted. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 27th day of September, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).